IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Parsons, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 18 CV 08506 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Shenzen Fest Technology Co., LTD, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has moved the Court to deem service effectuated, or alternatively, grant permission to effect service on Defendant Shenzen via electronic publication and e-mail. Dkts. 87, 88. For the following reasons, the motion is denied.

**I. BACKGROUND**

In November 2018, Plaintiff brought suit against Mt. Vapor, LLC and Shenzen Fest Technology Co. Ltd ("Shenzen") based on product liability and breach of implied warranty theories.[1] The Complaint alleges that Shenzen is a limited liability company with its principal place of business located at Floor B, Building C, SAR 1980 Cultural Industrial Park, Minfu Ford, Minzhik, Longhus New District, Shenzen, Guangdong China.

Plaintiff's former counsel attempted service on Shenzen in December 2018 by hiring a firm specializing in service pursuant to the Hague Convention.[2] Pl.'s Mot., Ex. B. On January 2, 2019, the requisite forms and documents were received at the Central Authority in China. *Id*. The hired firm sent letters to the Central Authority requesting a status update on April 30, 2019, May 30, 2019, and June 30, 2019. *Id*. The firm also sent e-mails to the Central Authority requesting a status update on April 30, 2019 and July 5, 2019. *Id*. Plaintiff indicates that he has not received an affidavit of service nor any update from the Central Authority of China. *Id*. Plaintiff obtained an affidavit from the President for Judicial Process and Support in support of non-service, indicating that Plaintiff has fulfilled the conditions set forth in Article 15 of the Hague Convention.[3] *Id*.

---

[1] Defendant Mt. Baker Vapor has since been dismissed from the case.
[2] The United States and China are both parties to the Hague Service Convention, a multilateral treaty whose purpose is "to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017); *see Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents*, Feb. 10, 1969, 20 U.S.T. 361.
[3] After fulfilling the conditions set forth in Article 15 of the Hague Convention, a court "may give judgment even if no certificate of service or delivery has been received." *Hague Convention*, art. 15. However, Plaintiff has not moved for default judgment.

Before the Court is Plaintiff's motion for the Court to deem service effectuated, or alternatively, grant permission to effect service on Defendant Shenzen via electronic publication and e-mail pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a corporation in a foreign country may be served in any manner prescribed for an individual by Rule 4(f) except personal delivery. Fed. R. Civ. P. 4(h)(2). Under Rule 4(f)(1), an individual may be served at a place outside a United States judicial district by an internationally agreed means of service such as the Hague Convention. Fed. R. Civ. P. 4(f)(1). Additionally, Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (collecting cases). The advisory committee notes to Rule 4 state:

> The Hague Convention, for example, authorizes special forms of service in cases of urgency if convention methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention . . . In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.

Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 amendments.

Accordingly, service under Rule 4(f)(3) requires a court order, that the method not be prohibited by international agreement, and that it comports with due process. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Because the Court cannot order a form of service that is prohibited by the Hague Convention, the Court must first address the issue of whether the forms of service requested by Plaintiff are prohibited by the Convention.

The primary means of service under the Hague Convention is through a receiving country's central authority, which receives requests for service, arranges for service, and returns certificates of service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988). Article 10 of the Hague Convention preserves the ability of parties to effect service through means other than a receiving country's Central Authority as long as the receiving country has not objected to the specific alternative means of service used. *See Hague Convention*, art. 10. For example, Article 10(a) allows for service by "postal channels."[4] China, however, has objected to Article 10 and, therefore, the use of "postal channels" to effectuate service. *See China – Central Authority &*

---

[4] Article 10(a) states: "Provided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." *Hague Convention*, art. 10(a).

*Practical Information*, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=243. The Hague Convention does not affirmatively authorize nor prohibit service by e-mail. *See Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Sched. "A"*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019).

Many federal district courts have determined that, even if a country has objected to service via postal channels under Article 10(a), if they have not expressly objected to service by electronic communication, service on a defendant in that country via such communication is permissible. *See e.g.*, *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-CV-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019); *Patrick's Rest., LLC v. Singh*, No. 18CV00764ECTKMM, 2019 WL 121250, at *3 (D. Minn. Jan. 7, 2019); *Jackson Lab. v. Nanjing Univ.*, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *5 (N.D. Cal. Oct. 11, 2017); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015).[5] Other courts have concluded that the term "postal channels" encompasses e-mail and, therefore, an objection to Article 10(a) must be construed as an objection to e-mail service. *See, e.g.*, *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *6-7 (N.D. Tex. Oct. 14, 2020); *Luxottica*, 391 F. Supp. 3d at 827; *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co.*, No. CV 19-608, 2019 WL 7049504, at *3 (W.D. Pa. Dec. 23, 2019); *Agha v. Jacobs*, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008).

The Seventh Circuit has not addressed this issue. In the Northern District of Illinois, there are only a handful of published cases in which courts provide at least some discussion about whether to allow international service via electronic communication.[6] Furthermore, in the Court's research, *Luxottica* is the only case from the Northern District of Illinois that addresses the issue of whether e-mail service falls under the ambit of Article 10. *See Luxottica*, 391 F. Supp. 3d at 825.[7] The *Luxottica* court applied language used by the U.S. Supreme Court to conclude that China's objection to service via postal channels is an objection to service by e-mail. *Id*. at 827. Specifically, the court cited language from *Schlunk* and *Water Splash* and stated that "the Hague Service Convention 'specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *See Luxottica*, 391. F. Supp. 3d at 821 (citing *Water Splash*, 137 S. Ct. at 1507 (quoting *Schlunk*, 486 U.S. at 698)). Based on this language, the *Luxottica* court reasoned that "email would bypass the methods of service the Hague Convention authorizes, [so] the Convention preempts it as inconsistent." *Id*. at 827. However, on a motion for reconsideration, the *Luxottica* court conceded that the Supreme Court language did not

---

[5] In support of his assertion that many courts have held alternate forms of service such as e-mail are appropriate, Plaintiff lists numerous cases in his brief. About half of the cases are from the Northern District of Illinois and most are unpublished. *See* Pl.'s Mot. at 3-4. In the Court's review of these cases, many allow for service by e-mail without providing any reasoning or discussion and none include an Article 10 analysis. As a result, the Court finds those unpublished cases to be of little persuasive value.

[6] *See Fairly Odd Treasures, LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 20 C 1386, 2020 WL 8093511 (N.D. Ill. Oct. 28, 2020); *Luxottica*, 391 F. Supp. 3d 816; *Strabala*, 318 F.R.D. 81; *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008).

[7] In *Luxottica*, the court declined to follow another case in this district, *MacLean-Fogg*, on the basis that the conclusion was stated without further analysis and that the case it relied on did not involve the Hague Convention. *Id*.

"conclusively settle the precise questions" because neither *Schlunk* nor *Water Splash* involved Rule 4(f)(3) or e-mail service. *Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Sched. "A"*, 18 CV 2188, 2019 WL 2357011, at *3 (N.D. Ill. June 4, 2019).[8]

This Court finds that there is an important distinction between the present case and the facts in *Luxottica*. Here, Plaintiff has attempted to serve Shenzen via the Hague Convention – to no avail. District courts that follow the reasoning of *Luxottica* have found this distinction relevant. For example, in *Habas Sinai*, the court "observed that cases that permitted service by email under Rule 4(f) did so only after attempts to serve under the Hague Service Convention were unsuccessful." *Habas Sinai*, 2019 WL 7049504, at *4 (citing *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *6 (W.D. Tex. July 5, 2018) (collecting cases)). Notably, the plaintiffs in *Luxottica*, *Habas Sinai*, and *James Avery Craftsman* did not attempt service under the Hague Convention prior to moving for alternative service under Rule 4(f)(3). *See also*, *Prem Sales*, 2020 WL 6063452 at *5; *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 480 F. Supp. 3d. 977, 988 (N.D. Cal. Aug. 19, 2020); *Rice v. Electrolux Home Prod., Inc.*, No. 4:15-CV-00371, 2018 WL 4964076, at *5 (M.D. Pa. Oct. 15, 2018).

The Court finds that the observation made by *Habas Sinai*, *James Avery Craftsman*, and numerous other courts is compatible with the advisory committee notes to Rule 4 and, ultimately, permits the use of electronic service in this case. The notes state that, in such cases as the failure of the foreign country's central authority to effect service within the six-month period provided by the Convention, "the court may direct a special method of service *not explicitly authorized by international agreement if not prohibited by the agreement*." Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 amendments (emphasis added). Here, Plaintiff has attempted to effect service under the Hague Convention, yet China's Central Authority has failed to provide a certificate, or even a response to any of Plaintiff's inquiries, in over two years. As noted above, e-mail service is neither explicitly authorized nor explicitly prohibited by the Hague Convention. Furthermore, the advisory notes anticipate that circumstances such as those present in the instant case may justify the use of additional methods of service, and courts repeatedly find e-mail service to be that "additional method" when the plaintiff has first attempted to effect service under the Hague Convention. *See, e.g.*, *Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-CV-02360-RM-STV, 2018 WL 6589806, at *4 (D. Colo. Dec. 13, 2018); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desaroloos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 13-16 (D.D.C. 2016); *Sulzer*, 312 F.R.D. at 332; *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *3-4 (E.D. Va. Feb. 20, 2014); *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 2:13-cv-458, 2013 WL 1644808, at *1-2 (W.D. Pa. Apr. 16, 2013); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004); *but see Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465 (D. Mass. 2020). In considering all of the above, the Court finds service on Defendant Shenzen via e-mail and

---

[8] Although the *Luxottica* court acknowledged the language was not conclusive, the court determined it was nevertheless appropriate to rely on because the "Supreme Court's reasoning on a related legal issue deserves serious and respectful consideration." *Id*. at *4.

electronic publication is not prohibited by any international agreement in accordance with Rule 4(f)(3).

Having found that service via e-mail and electronic publication is facially permitted by Rule 4(f)(3), the Court must determine if the proposed methods of service comport with constitutional notions of due process. To meet this requirement, the method of service must be reasonably calculated, under all of the circumstances, to apprise Defendant Shenzen of the pendency of this action and afford them an opportunity to present objections. *See Patrick's Rest.*, 2019 WL 121250, at *4; *James Avery Craftsman*, 2018 WL 4688998, at *7; *Jackson Lab.*, 2018 WL 615667, at *4-6; *Rio Properties*, 284 F.3d at 1017.

There does not appear to be any specific criteria that must be satisfied in order for electronic service on a foreign defendant to satisfy due process. However, courts that have permitted electronic service have found it complied with due process when, for example: (i) the plaintiff provided the e-mail address, account, and/or website through which the plaintiff intends to contact the defendant; (ii) the plaintiff provided facts indicating the defendant to be served would likely receive the summons and complaint; (iii) the e-mail address used was for the defendant's retained attorney; (iv) the summons and complaint were translated into the language spoken in the nation in which service was effectuated; and/or (v) multiple valid forms of service were attempted. *See, e.g.*, *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 320CV01708WQHBGS, 2021 WL 165013, at *2 (S.D. Cal. Jan. 19, 2021); *Chanel, Inc. v. designerchanelgirl.com*, No. 20-62447-CIV, 2020 WL 8226843, at *2 (S.D. Fla. Dec. 2, 2020); *Beijing QIYI*, 2018 WL 6589806, at *4; *James Avery Craftsman*, 2018 WL 4688998, at *7; *Sulzer*, 312 F.R.D. at 331.

Plaintiff has not provided any of the above or similar information that could lead the Court to conclude that attempting to serve Defendant via e-mail and electronic publication would comport with constitutional notions of due process. Without this information, the Court will not grant Plaintiff leave to serve Defendant using electronic communication. If Plaintiff wishes for the Court to reconsider his motion, Plaintiff shall refile a motion by March 12, 2021 and include information that will allow for a determination as to whether the proposed methods of service comport with due process. If no such motion is filed, the Court may issue a report and recommendation that this case be dismissed for want of prosecution. *See Williams v. Illinois*, 737 F.3d 473 (7th Cir. 2013) ("[A] court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute."); *Seebach v. Beetling Design Corp.*, 46 F. Supp. 3d 876 (E.D. Wis. 2014) (applying *Williams* to a case involving delayed service on foreign defendants).

Plaintiff's motion was "to deem service effectuated or, in the alternative, granting Plaintiff leave to serve Defendants by alternative means," but he failed to present any argument in support of deeming service effectuated. The Court will not make Plaintiff's arguments for him and, therefore, without any arguments to consider, this portion of the motion is also denied.

### III. CONCLUSION

The Court denies Plaintiff's motion to deem service effectuated, or alternatively, grant permission to effect service on Defendant Shenzen via electronic publication and e-mail.

Date: February 26, 2021        By:     *Lisa A. Jensen*
Lisa A. Jensen
United States Magistrate Judge